We're ready to hear argument in our last case, United States v. Moore. Mr. Garner, whenever you're ready. Good morning, and may it please the Court, Ben Garner on behalf of the United States. This appeal presents the singular issue of whether a district court is permitted to impose a sentence below a statutory mandatory minimum based on a policy statement promulgated by the United States Sentencing Commission. Case law from the Supreme Court of the United States, the guidelines themselves, and case law from this circuit as well as other circuits around the country compel the answer to that question is no. Just recently, last year, in the case of the Supreme Court case Coons v. United States, Justice Alito writing for the Court reminded lower courts that the guidelines are advisory and quote-unquote tentative and that they may be overridden by other considerations such as mandatory minimum sentences, which is what we have in this case. The Sentencing Commission itself has recognized that the guidelines yield statutory mandatory minimums when the statutory minimum is higher than that authorized by the guidelines themselves. That's in Section 5G 1.1b of the United States Sentencing Guidelines. Furthermore, cases in other circuits that have addressed this particular question, whether or not a district court is permitted to go below a statutory mandatory minimum, relying upon Section 5K 2.23, have uniformly answered that question in the negative. That's the Second Circuit case of United States v. Lewis and the Seventh Circuit case of United States v. Cruz. This court's case law, although not addressing the precise issue, would reach the same conclusion. This court has time and again said that there are only two statutory avenues by which a sentencing court may impose a sentence lower than a statutory mandatory minimum, and that's under 3553E and 3553F of Title 18 of the United States Code. That's based upon substantial assistance offered to the government and the safety valve provisions, respectively. So this court has recognized that absent specific statutory authority, a sentencing court is not authorized to go below a statutory mandatory minimum, and that's precisely what happened in this case when the district court sentenced Mr. Moore to a 113 term of imprisonment, which was seven months below the mandatory minimum of 120 months. Let me ask you a question which admittedly may be unfair, but I'll ask you anyway. Is it your position that if a defendant has a mandatory minimum sentence that service of that sentence has to begin when he receives a federal sentence, the mandatory minimum sentence? Can it be backdated, for example, where there are undischarged relevant conduct sentences being served in state court? Do you understand what I'm asking? I believe I do understand your question, Judge Traxler. There are certainly some circuits, the Ninth Circuit, and there is a Seventh Circuit decision that have held that for undischarged terms of imprisonment, a district court could effectively run that term concurrently. And in effect backdate it so that it begins when the state service began. Right, and that would be based on an undischarged term of imprisonment. And in that case, a district court would be relying, the theory goes from both the Seventh Circuit and the Ninth Circuit opinion is that a district court would be relying upon Section 5G 1.3B of the Sentencing Guidelines, which the enabling statute for that is Title 18 United States Code Section 3584, which expressly permits district courts to run sentences concurrently but limits that grant of authority only to undischarged terms of imprisonment. Right, now I understand they can run it concurrent, but is it your position that a district court can appropriately backdate when that concurrent sentence began? Judge Traxler, I do not concede that a district court could for an undischarged term of imprisonment backdate the sentence. I will certainly concede that the Seventh Circuit and Ninth Circuit have come to that conclusion that for undischarged terms of imprisonment that it would be effectively running it concurrently in their view but it's the government's position that that view is incorrect, but what is clear here is that Mr. Moore's term of imprisonment had been discharged, therefore... Those circuits would have found their authority under 5G not 5K, which is what we have in our case. That's exactly correct, Your Honor, and Judge Agee, as I indicated the statutory basis that would support that conclusion would conceivably be under Title 18 United States Code Section 3584. As I indicated, that statute, however, only permits a concurrent or consecutive sentence for undischarged terms of imprisonment. In this case, Mr. Moore's term of imprisonment had already been fully discharged and therefore there was no underlying state sentence to run the federal sentence either concurrent with or consecutive to. So there was absolutely no statutory authority in this case for the district court to go below the mandatory 120-month term of imprisonment. 3553E, the provision for substantial assistance did not apply. Mr. Moore was not eligible for the safety valve under 3554F. Therefore, consistent with this court's case law, the district court was not permitted to go seven months below the 120-month mandatory minimum, relying upon the policy statement set forth in the United States Sentencing Guidelines. I will note that if this court were to embrace or endorse the sentence that was imposed below, it would be the first to do so and it would be creating a circuit split with both the Second and the Seventh Circuits and arguably be inconsistent with this court's prior case law. The only other thing that I would like to note is the defendant has cited a number of cases dealing with the Armed Career Criminal Act, namely the case of United States v. Drake. I think the argument by Judge Posner in United States v. Cruz goes into depth distinguishing the language of the Armed Career Criminal Act versus the Controlled Substances Act of 1986. The Controlled Substances Act of 1986, which governed the sentence in this case, indicates that a district court shall not impose a sentence less than 120 months. The Armed Career Criminal Act, by contrast, indicates that a defendant shall not be imprisoned for less than 15 years. That's an important textual distinction between the Ninth Circuit's case in United States v. Drake versus the Second Circuit's case in United States v. Lucas as well as the Seventh Circuit's case in United States v. Cruz. If there are no further questions, then I would yield the balance of my time. Okay. Thank you very much. You've got some rebuttal time left. Mr. Landers. Thank you, Your Honors. Dan Landers from Lexington, South Carolina on behalf of the Appellee, Mr. Travis Moore. The government has framed the issue as whether an advisory sentencing guideline, 5K2.23, can authorize a sentence below a statutory mandatory minimum by means of a downward departure. That's fair enough because I moved for a downward departure under that sentencing guideline. If I had to do it over again, I would word my request differently because I think what's significant is to look at the bigger picture. Can a district court judge, in fashioning a sentence which is reasonable and which complies with 3553, consider discharged state custody for relevant conduct as part of the mandatory minimum? Is that something that a district court judge can do? Not can he sentence below the mandatory minimum, but can he or she say, well, the mandatory minimum would include this time already served for the same conduct as we're sentencing this person for in federal court? That's a broader description. Well, when the statute says there's a mandatory minimum, whatever the mandatory minimum is, here I think it's 10 years, there would have to be statutory authority to permit the judge to depart from the requirements set forth by Congress. So, what's your best case to say, here's our statutory authority to deviate? I assume you would agree with that premise. When the statute says 10 years, mandatory minimum, that's what it means. There has to be an enactment of equal value, an enactment by Congress, that would what's required from the statutory minimum. I think that the Supreme Court's case in Setzer certainly doesn't say that a judge can do that necessarily, but it opened a door because it dealt with this concurrent versus consecutive question under the 18 U.S.C. 3584, and the government's argument or an argument that was considered there is since that statute does not deal with a future anticipated state court sentence that might be given then a district court judge has no statutory authority to run such a future anticipated sentence concurrent, because the statute doesn't say that. And the Supreme Court said, well we've got common law background and the sentencing discretion of a district court and therefore a judge actually can anticipate a future state court sentence and order that to be run concurrently with the federal sentence, even though he doesn't know how long that state court sentence is going to be. So my argument would be, does that in fact open the door for a district court judge in fashioning a sentence under 3553 to consider that imprisonment in the mandatory minimum would include time previously served and discharged in state custody for relevant conduct. I don't know if that answers your question, but that's about the best I can do with it. Yes, sir. The language in these guidelines distinguish some of the adjustment, as in 5G 1.3, a downward departure which is mentioned in 5K 2.23 some of the cases talk about the Bureau of Prisons giving a credit the language that the district court judge used in our case in the sentencing transcript, he actually said a reduction. He didn't call it a downward departure when he was pronouncing the sentence in the transcript, he called it a reduction to account for the seven months that had already been served. Some of the cases make those distinctions, but then the net effect is the same. How much more time will this person have to serve, taking into account what's already happened. The fact that the Bureau of Prisons can credit a defendant for time served pretrial detention, pre-sentencing, that's accepted. Nobody says that they cannot do that because it violates the mandatory minimums, or that the sentence only starts to run on the date it's imposed, and we can't take into consideration the time that he spent in custody before sentencing, so why can we not take into consideration time that he spent in state custody for this same condom, for the crime for which he's being reported. What if your guy had previously served a sentence of 10 years in state court on a related offense to the federal offense he's being sentenced for? He's already done 10 years on a related case. Is it your position that this judge could say, I'm sentencing you on a mandatory minimum of 10 years, but I'm giving you credit for that 10 years you've already done, so come on home? Well, it's a discretionary thing, as I see it, and as I'm arguing it, so a judge wouldn't have to do that. But could he, legally? If it was the same conduct, you've got the separate sovereign question there, but if a judge felt like he had, in fact, already served 10 years for this, and he's going to give him credit for it, again, really, what's the difference between that and him getting a 10-year sentence in state court two weeks before he's sentenced in federal court, and the court would run concurrent? He only serves 10 years in either one of those scenarios, it's just when the pronouncement is made is the distinction. Okay, that's right. Okay, thank you. Under the sentencing statute 3553, the court is required to consider pronouncements in the sentencing guidelines and also to avoid any unwarranted disparities. This gets back to that question you asked. We would submit that a court to avoid unwarranted disparities between timing of when someone happens to be standing in front of a federal judge can consider time that's already been spent in state custody. In my client's case, he didn't qualify for 3553F because that would be the safety valve. He doesn't meet that. The government did not move for a 5K1 departure for cooperation. The plea agreement includes a cooperation clause, but they may move under Rule 35 later, but they have not done so yet. We think that the Ninth Circuit's decision in Brito, which mentions their previous decision in Drake, hits on this point that we're talking about. Can the imprisonment that he's already served be included as imprisonment under the definitions in the mandatory minimum statute? They felt like it could. I realize that's the minority position. We would mention Judge Rosenbaum's concurrence in the Eleventh Circuit case of United States v. Gonzalez Murillo, which is also referenced in our brief. At 852, 1340, and carrying over to 1341, Judge Rosenbaum said, I agree with what he says there. And he goes on to mention that an equal protection argument has been considered and rejected by some of the sister circuits. He's not convinced by those, either.  I think you're right. I realize that it would be somewhat bold for this court to jump out and do that, but that's the position that we have, and that's what we would ask you to do. Anything else you want to tell us, Mr. Landers? No, sir. Thank you. Thank you very much, Mr. Garner. You've got some rebuttal time. Just to follow up where my co-counsel left off, as I indicated in the government's reply brief, United States v. Brito, the Ninth Circuit case that was just noted before the court, did not deal with a mandatory minimum term of imprisonment. It was a guideline sentence. At the end of the day here, Congress has indicated that a defendant in the position of Mr. Moore shall not be sentenced to a term of imprisonment less than 10 years. All sides agree that the two bases of statutory authority, Section 3553 E and F, do not apply. Therefore, the sentencing court was not authorized to sentence Mr. Moore to a term of imprisonment less than 120 months. Therefore, the government would respectfully ask that this court vacate the sentence, remand the case back to the district court with instructions that Mr. Moore not be sentenced to a term of imprisonment of less than 120 months. All right. Thank you, Mr. Garner. Thank you. The court notes, Mr. Landers, that you're court-appointed, and we want to express our appreciation to you for undertaking representation in this case. Thank you, sir. The court can now declare the court an adjournment, and we will come down and greet counsel. This honorable court stands adjourned. So nay, die. God save the United States and this honorable court.
judges: G. Steven Agee, Henry F. Floyd, William B. Traxler Jr.